COMAR OIL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 36721. Promulgated November 10, 1931.

*Truman Post Young*, Esq., for the petitioner.
*John H. Pigg*, Esq., for the respondent.

OPINION.

MARQUETTE: The petitioner's contention is that the amounts paid by it in 1923 out of oil produced, with respect to the previously purchased oil leases, did not constitute a capital investment; that such amounts did not represent income at all to the petitioner, but were in reality merely deliveries to petitioner's assignors of royalties reserved to such assignors in the contracts assigning the leases; and, hence, such amounts are not properly taxable to the petitioner.

We can not agree with that contention. The terms of the various assignments of leases effected absolute conveyances to the petitioner of the entire interests owned by the respective assignors, none of whom made any reservation of royalties. A royalty, as to minerals, is a rent reserved. Here, the grantor sold and the petitioner bought mineral rights for definite, fixed considerations which were to be met, in part, by deferred payments out of minerals if, as, and when produced from the leased lands. Such payments in our opinion do not constitute rentals or royalties for the use of the property.

This Board has decided adversely to the petitioner's contention, in several proceedings wherein the factual conditions were substantially the same as those now under consideration. Cf. *Mrs. J. C. Pugh, Sr., Executrix*, 17 B. T. A. 429; affd., 49 Fed. (2d) 76; *L. T. Waller*, 16 B. T. A. 574; affd., 40 Fed. (2d) 892; *Lena Brown et al.*, 24 B. T. A. 30; *S. L. Herold*, 17 B. T. A. 933; affd., 42 Fed. (2d) 932. In the *Pugh* case, *supra*, Pugh executed an instrument purporting to sell one-half of his royalty interest in an oil lease for a stated consideration which was to be paid partly in cash and the balance " out of the one-half royalty herein conveyed." The instrument was held to be a contract of sale which divested Pugh of his property rights so conveyed. The other cases above cited were to like effect. All of them are directly in point with the present instance and the principle which they announce is, we think, controlling here. We find no error in the respondent's determination.

*Judgment will be entered for the respondent.*